UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICK A. DIGNAM,

   Plaintiff,

-vs-

CASE NO.:   6:14cv1090-Orl-37GJK

PENN CREDIT CORPORATION, a foreign corporation,

   Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, PATRICK A. DIGNAM, sues the Defendant, PENN CREDIT CORPORATION, and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1. This is a civil action for money damages in an amount that exceeds $75,000, exclusive of costs, interest, and attorneys' fees.

2. Plaintiff resides in Orange County, Florida.

3. Defendant, PENN CREDIT CORPORATION was and is a foreign corporation duly authorized to conduct business within the State of Florida, with permanent offices for the transaction of business in Harrisburg, Pennsylvania.

4. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant PENN CREDIT CORPORATION, (hereafter "PENN CREDIT"), in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA") and for Intentional Infliction of Emotional Distress.

5. Jurisdiction and venue for purposes of this action are appropriate as the alleged violations described herein occurred in Charlotte County, Florida.

## FACTUAL ALLEGATIONS

6. Plaintiff, PATRICK A. DIGNAM, is a natural person over the age of eighteen (18), who resides in Orange County, Florida.

7. Plaintiff is the debtor and/or alleged debtor as that term is defined by section 559.55(2), Florida Statutes.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. At all times material hereto, Defendant PENN CREDIT was and is a foreign corporation duly organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 916 S. 15th Street, Harrisburg, PA 17104.

10. At all times material hereto, Defendant PENN CREDIT did transact business in Orange County, Florida, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and/or section 559.55(6), Florida Statutes. As further described herein, Defendant sought to collect a debt from Plaintiff alleged to be originally owed in the amount of $25.00 by Plaintiff to the ORLANDO FIRE DEPARTMENT.

11. The above described debt arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt" as defined by the FCCPA and FDCPA.

12. As described herein, Defendant PENN CREDIT employed business practices resulting in intentional harassment and abuse of the Plaintiff and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect an alleged debt from Plaintiff.

13. Defendant PENN CREDIT consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for Plaintiff's alleged debt to Defendant PENN CREDIT in its efforts to collect an alleged debt from Plaintiff.

14. On or about June 3, 2011, Plaintiff filed a Voluntary Petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, in a case styled: *In re: Patrick A. Dignam and Carmen L. Dignam, Case No. 6:11-bk-08481-ABB, United States Bankruptcy Court, Middle District of Florida* (hereafter the "Subject Bankruptcy Action"), wherein Plaintiff sought to discharge certain debts, including but not limited to the aforementioned debt allegedly owed to the ORLANDO FIRE DEPARTMENT.

15. On or about August 4, 2011, Plaintiff filed an Amended Bankruptcy Schedule identifying the debt at issue and identifying ORLANDO FIRE DEPARTMENT as the creditor. *See* Exhibit "A."

16. On or about August 5, 2011, the court in the Subject Bankruptcy Action entered a Notice Fixing Time for Additional Creditors to file a Complaint to Exempt Debtor from Discharge and/or to File Objections to Discharge setting a deadline of September 9, 2011. *See* Exhibit "B."

17. ORLANDO FIRE DEPARTMENT did not file a complaint objecting the discharge of Plaintiff or to determine the dischargeability of the Subject Debt prior to the September 9, 2011 deadline set forth by the United States Bankruptcy Court in the above described Notice.

18.     Consequently, on or about September 12, 2011, the United States Bankruptcy Court in the Subject Bankruptcy Action entered an Order granting Plaintiffs a discharge pursuant to 11 U.S.C. § 727, and thereby discharging the Plaintiffs with respect to the Subject Debt (hereafter the "Subject Discharge Order"). *See* Exhibit "C."

19.     The Subject Discharge Order states, in relevant part:

> The discharge prohibits any attempt to collect from the debtors a debt that has been discharged . . . <u>a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit</u>, to attach wages or other property, <u>or to take any other action to collect a discharged debt from the debtors.</u> A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.
>
> However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtors' property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

20.     Additionally, pursuant to 11 U.S.C. § 524, a bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."

21.     On or about September 12, 2011, the United States Bankruptcy Court entered an order approving trustee report and closing case. *See* Exhibit "D."

22.     On or about September 14, 2011, the United States Bankruptcy Court sent a Certificate of Notice attaching the Discharge Order to the discharged creditors, including the ORLANDO FIRE DEPARTMENT. *See* Exhibit "E."

23.     Inexplicably, in or about February of 2013 -- more than one and a half (1 1/2) years after the Subject Debt was discharged by the United States Bankruptcy Court, Defendant

PENN CREDIT began contacting the Plaintiff by mail and by telephone in an effort to collect the discharged debt from Plaintiff.

24. On or about April 2, 2013, Defendant PENN CREDIT sent a letter to Plaintiff entitled "Notice of Collection," referencing "ID Number C6265893", wherein PENN CREDIT sought to collect payment from Plaintiff in connection with the discharged debt at issue. *See* Exhibit "F."

25. In addition to sending the above described collection letter(s), Defendant PENN CREDIT initiated numerous telephone calls to Plaintiff's residential telephone number, (407) 897-1201, in an effort to collect the discharged debt at issue from Plaintiff.

26. To date, Plaintiff has received approximately twenty-five (25) calls to his aforementioned residential telephone number from Defendant PENN CREDIT in an effort to collect the discharged debt at issue, and the calls continue through the date of filing of this Complaint.

27. Upon answering the above described collection calls from Defendant PENN CREDIT, Plaintiff repeatedly informed Defendant's representatives that the Subject Debt was discharged through Chapter 7 bankruptcy in September of 2011. By way of example, on or about April 13, 2013, Plaintiff received a collection call from Defendant, and upon answering said call, spoke with a representative of Defendant identified as "John Williams." Plaintiff informed John Williams that the Subject Debt was discharged through Chapter 7 bankruptcy in September of 2011, and John Williams responded that he would note the account. However, approximately three (3) days later, Plaintiff received another collection call from Defendant PENN CREDIT, again from the same representative of Defendant identified as "John Williams." Plaintiff again informed John Williams that he had just discussed this three days earlier, repeated to Mr.

Williams that the Subject Debt was discharged through Chapter 7 bankruptcy in September of 2011, and again demanded that PENN CREDIT stop placing said collection calls to Plaintiff. Nevertheless, on or about April 22, 2013, Defendant PENN CREDIT resumed placing said collection calls to Plaintiff's aforementioned residential telephone number, and upon answering said call, spoke with a representative of Defendant identified as "Briana" who said "she will call every day until paid." Plaintiff has engaged in numerous similar conversations with Defendant's collection representatives upon answering said collection calls; however, despite having been repeatedly told by Plaintiff that the debt at issue was previously discharged through Chapter 7 bankruptcy, Defendant PENN CREDIT remains steadfast and undeterred in its campaign of placing abusive and harassing collection calls to Plaintiff's aforementioned residential telephone number.

28. Defendant PENN CREDIT has engaged in collection conduct in violation of the FDCPA and FCCPA, and constituting intentional harassment and abuse of the Plaintiff, by and through its agents and representatives, on numerous occasions within the one (1) year period preceding the filing of this action. As described herein, Defendant implemented its unlawful conduct by initiating calls to Plaintiff's residential number, (407) 897-1201, in an effort to collect the discharged debt at issue.

29. Moreover, the telephone collection calls at issue were at all material times specifically prohibited pursuant to 11 U.S.C. § 524 and the Subject Discharge Order, and Defendant PENN CREDIT was and is unequivocally enjoined from placing said collection calls to Plaintiff pursuant thereto.

30. Despite having actual knowledge that the debt at issue had been discharged through Chapter 7 bankruptcy, Defendant PENN CREDIT, in an effort to collect from Plaintiff,

proceeded to intentionally harass and abuse the Plaintiff by and through the actions of its agents and representatives on numerous occasions, including but not limited to:

    a.    Calling Plaintiff's residential phone number of (407) 897-1201 several times per day and on back to back days through the present time (or such time as will be established after a thorough review of Defendants' records) despite having knowledge that the debt was discharged and having knowledge that Plaintiff is an end stage heart patient;

    b.    Calling Plaintiff's aforementioned residential phone number from an automated dialing system and leaving pre-recorded messages on Plaintiff's answering machine identifying Plaintiff and stating that the message was left in "an attempt to collect a debt";

    c.    Calling Plaintiff's aforementioned residential phone number and hanging up either prior to or as soon as Plaintiff, members of Plaintiff's household, or the Plaintiff's answering machine answered the call;

    d.    Calling from numerous different telephone numbers that appear on caller ID as someone or some entity other than Defendant PENN CREDIT, or with no identification at all

31.    Defendant PENN CREDIT has a corporate policy of purchasing debt that had previously been discharged in bankruptcy and attempting to collect said discharged debts, just as it did when calling Plaintiff's aforementioned residential telephone number, mailing the above described collection letter(s) to Plaintiff.

32.    Despite actual knowledge of its wrongdoing, Defendant PENN CREDIT continued the campaign of abuse.

33.    Defendant PENN CREDIT's corporate policy is structured to continue to call individuals like Plaintiff, despite these individuals explaining to the Defendant that the debts at

issue had been previously discharged through bankruptcy, and that the properties securing said debts had been surrendered in connection with such bankruptcy proceedings.

34. Defendant PENN CREDIT's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

35. Defendant PENN CREDIT has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

36. Defendant PENN CREDIT followed its corporate policies when attempting to communicate with the Plaintiff in connection with the discharged debt at issue.

37. Defendant PENN CREDIT has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

38. Defendant PENN CREDIT has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

39. Plaintiff informed Defendant PENN CREDIT that he is a 70 year old, end stage level 4 heart patient and each and every call causes the Plaintiff severe distress and an immediate re-aggravation of his symptoms severely affecting his quality of life.

40. As a direct and proximate result of Defendant PENN CREDIT's acts or omissions, as set forth herein, Plaintiff suffered compensatory, statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life.

41. Plaintiff's statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the

enjoyment of life pursuant to section 559.77, Florida Statutes, have continued and are continuing as of the filing of this complaint.

42. All conditions precedent to the filing of this action have occurred.

## COUNT I
## VIOLATION OF THE FCCPA AGAINST PENN CREDIT

43. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (42) as if fully set forth herein.

44. At all times material to this action Defendant PENN CREDIT was and is subject to and must abide by the law of Florida, including section § 559.72, Florida Statutes.

45. Defendant PENN CREDIT engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of his family with such frequency as can reasonably be expected to harass the Plaintiff.

46. Defendant PENN CREDIT engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff.

47. Defendant PENN CREDIT engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by claiming, attempting and/or threatening to enforce a debt when such person knows that the debt is not legitimate, and/or asserting the existence of some other legal right when such person knows that the right does not exist.

48. Defendant PENN CREDIT's acts and omissions, as described herein, have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by Florida Statutes § 559.77, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorney fees, interest and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant PENN CREDIT for statutory damages, actual damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

## COUNT II
### VIOLATION OF THE FDCPA AGAINST PENN CREDIT

49. Plaintiff re-allege and incorporate by reference the allegations of Paragraphs (1) through (42), as if fully set forth herein.

50. Plaintiff has been the object of collection activity by Defendant PENN CREDIT arising from an alleged consumer debt.

51. Defendant PENN CREDIT is a "debt collector" as defined by the FDCPA.

52. Defendant PENN CREDIT engaged in an act or omission prohibited under 15 U.S.C. §1692c(b) by leaving voicemail messages on Plaintiff PATRICK A. DIGNAM's voice mail in such a way as to disclose information regarding Plaintiff's alleged debt to third parties.

53. Defendant PENN CREDIT engaged in an act or omission prohibited under 15 U.S.C. §1692c(c) by communicating with Plaintiff in connection with the collection of a consumer debt, after receiving Plaintiff's verbal request that Defendant cease further communication with the Plaintiff.

54. Defendant PENN CREDIT engaged in an act or omission prohibited under 15 U.S.C. §1692d engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff.

55. Defendant PENN CREDIT engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiff PATRICK A. DIGNAM's telephone to ring or engaging Plaintiff PATRICK A. DIGNAM in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff, at the called number.

56. Defendant PENN CREDIT engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiff PATRICK A. DIGNAM's aforementioned residential telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

57. Defendant PENN CREDIT engaged in an act or omission prohibited under 15 U.S.C. §1692e(2)(A) by the use of any false representation as to the character, amount and/or legal status of the discharged debt at issue.

58. Defendant PENN CREDIT engaged in an act or omission prohibited under 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect a debt from Plaintiff or to obtain information concerning Plaintiff.

59. Defendant PENN CREDIT engaged in an act or omission prohibited under 15 U.S.C. §1692e(11) by calling Plaintiff PATRICK A. DIGNAM's aforementioned residential telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to disclose that the communication was from a debt collector.

60. Defendant PENN CREDIT engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

61. Defendant PENN CREDIT's acts and omissions as described herein have directly and proximately resulted in Plaintiff, PATRICK A. DIGNAM's prior and continuing sustaining of damages as described by 15 U.S.C. 1692 including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, and attorney fees and costs.

WHEREFORE, Plaintiff respectfully demand judgment against Defendant PENN CREDIT for statutory damages, actual damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

## COUNT III
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST PENN CREDIT

62. Plaintiff re-alleges paragraphs (1) through (42) above as if fully set forth herein, and further states:

63. The outrageous conduct of Defendant PENN CREDIT individually, and through its employees, agents, representatives and collectors, as described herein, deliberately, recklessly and/or intentionally inflicted emotional distress on the Plaintiff.

64. The outrageous conduct of Defendant PENN CREDIT, as described herein, was directed at Plaintiff by and through Defendant's employees, agents, apparent agents or other persons acting to benefit and further the interests of Defendant PENN CREDIT, and acting in the course and scope of their employment or agency with Defendant PENN CREDIT.

65. As a direct and proximate result of the outrageous conduct of Defendant PENN CREDIT, as described herein, Plaintiff sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully demands a trial by jury of all issues so triable and judgment against Defendant PENN CREDIT for compensatory damages, punitive damages, costs, interest and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

_____
David P. Mitchell, Esquire
Florida Bar No.: 067249
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4797
DMitchell@ForThePeople.com
VMarrero@ForThePeople.com
PMitchell@ForThePeople.com
Counsel for Plaintiff